**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PATRICK TORNEO | : | CIVIL NO.  3:17CV1826(SRU) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| DORA SCHRIRO, BRIAN | : | |
| MERAVIGLIA, REGINA RUSH- | : | |
| KITTLE, and DAVID ROSADO | : | |
| *Defendants* | : | DECEMBER 4, 2017 |

**TABLE OF CONTENTS**

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO DISMISS THE COMPLAINT**

**I.    INTRODUCTION** ...................................................................................................... **1**

**II.   RELEVANT FACTS** ................................................................................................. **2**

      **A.    April 2013 Incident** ........................................................................................ **2**

      **B.    Complaints About Torneo To State Police** .................................................. **3**

**III.  STANDARD FOR A MOTION TO DISMISS** ....................................................... **5**

      **A.    Motion To Dismiss Under Fed. R. Civ. P. 12(b)(1)** ...................................... **5**

      **B.    Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6)** ...................................... **6**

      **C.    Motion To Dismiss Under Fed. R. Civ. P. 12(c)** ........................................... **8**

**IV.   ARGUMENT** ............................................................................................................. **9**

      **A.    Since A Section 42 U.S.C. § 1983 Has A Three Year Statute Of**
              **Limitations, Claims For Actions That Occurred Before October 2, 2014**
              **Are Time Barred.** .......................................................................................... **9**

      **B.    As A Matter Of Law, Plaintiff Had No Constitutionally-Protected Interest**
               **In The Lieutenant Position During His Working Test Period** ...................... **11**

      **C.    The Complaint Fails To State A Claim Upon Which Relief Can Be**
               **Granted.** ......................................................................................................... **12**

i

**D.**     **The Plaintiff Has Not Stated A Claim For Injunctive Or Equitable Relief. . 13**

**E.**     **Conn. Gen. Stat. §5-226 Does Not Afford Any Protected Property Rights ... 14**

       **a.**     **Since Nothing In Conn. Gen. Stat. § 5-226 Expressly Or Implicitly Confers A Private Cause Of Action On The Plaintiff, He Lacks Standing To Bring An Action Pursuant To This Statute Which Confers No Property Right To Plaintiff.................................................. 16**

**F.**     **Conn. Gen. Stat. §5-230 Addressing Working Test Periods Does Not Confer Any Protected Property Rights On Plaintiff ........................................ 19**

**G.**     **Plaintiff Cannot Enforce These Connecticut State Laws through 42 U.S.C. § 1983 and All Such Claims Must Be Dismissed ............................ 20**

**H.**     **The Individual Defendants Are Entitled To Qualified Immunity................. 22**

       **1.**     **Improper Actions ................................................................... 25**

       **2.**     **The Defendants Actions Entitle Them To The Protection Of Qualified Immunity ............................................................... 29**

**V.**    **CONCLUSION ......................................................................... 30**

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICK TORNEO | : | CIVIL NO.  3:17CV1826(SRU) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| DORA SCHRIRO, BRIAN | : | |
| MERAVIGLIA, REGINA RUSH- | : | |
| KITTLE, and DAVID ROSADO | : | |
| *Defendants* | : | DECEMBER 4, 2017 |

## TABLE OF AUTHORITIES

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009) .................................. 8

*Atlantic Mutual Ins. Co. v. Balfour MacLaine Int'l*, 968 F.2d 196 (2d Cir. 1992) ........................ 8

*Ayers v. Coughlin,* 780 F.2d 205 (2d Cir. 1985)........................................................................... 24

*Bank v. Hi Ho Mall Shopping Ventures, Inc.,* 273 Conn. 287 (2005) .......................................... 20

*Barnes v. Cty. of Monroe*, 85 F. Supp. 3d 696 (W.D.N.Y. 2015)................................................. 11

*Bell Atl. Corp. v. Twombly*,550 U.S. 544, 127 S. Ct. 1955 (2007) ................................................ 8

*Board of Regents v. Roth*, 408 U.S. 564 (1972)..................................................................... 12, 25

*Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465 (2d Cir. 1995) .......................................................... 8

*Bollow v. Fed. Reserve Bank of S.F.*, 650 F.2d 1093 (9th Cir.1981)........................................... 25

*Brown v. City of New York*, 862 F.3d 182 (2d Cir. 2017)............................................................. 23

*Butz v. Economou*, 438 U.S. 478 (1978)...................................................................................... 24

*Canning v. Lensink,* 221 Conn. 346 (1992) ............................................................................. 1, 20

*Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240 (2d Cir. 2008) ...................................... 7

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ....................................................... 9

*Chance v. Armstrong,* 143 F.3d 698 (2d Cir. 1998) ................................................................ 6

*Chardon v. Fernandez,* 454 U.S. 6 (1981) ............................................................................ 11

*Chatterjee v. Commn'r. of Rev. Servs.,* 277 Conn. 681 (2006) .................................................. 20

*Cleveland v. Caplaw Enters.,* 448 F.3d 518 (2d Cir. 2006) ...................................................... 8

*Cox v. Aiken,* 278 Conn. 204 (2006) .................................................................................. 22

*Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012 (1984) ................................................. 21, 22

*Dechberry v. New York City Fire Dep't,*
 No. 14-CV-2130 KAM SMG, 2015 WL 4878460 (E.D.N.Y. Aug. 14, 2015) .......................... 9

*Distiso v. Cook,* 691 F.3d 226 (2012) ................................................................................ 24

*Duguay v. Hopkins,* 191 Conn. 222 (1983) .......................................................................... 19

*Eder Bros. Inc.,* 275 Conn. ................................................................................... 17, 18

*Finley v. Giacobbe,* 79 F.3d 1285 (2d Cir. 1996) ................................................................. 12

*Flood v. County of Suffolk,* 820 F. Supp. 709 (E.D.N.Y. 1993) ................................................ 13

*Fort Trumbull Conservancy, LLC v. Alves,* 262 Conn. 480 (2003) ............................................ 17

*Frederick v. Jetblue Airways Corp.,* No. 14-CV-7238(DLI)(RER),
 2016 WL 1306535 (E.D.N.Y. Mar. 31, 2016) .............................................................. 7

*Garcia v. Does,* 779 F.3d 84 (2d Cir. 2015) ................................................................ 23, 24

*Gilbert v. N. Am. Airlines,* No. 12–CV–523, 2014 WL 1271057 (E.D.N.Y. Mar. 26, 2014) ........ 9

*Goetz v. Windsor Central School Dist.,* 698 F.2d 606 (2d Cir. 1983) ....................................... 12

*Golino v. City of New Haven,* 761 F. Supp. 962 (D. Conn.) .................................................... 11

*Graziano v. Pataki,* 689 F.3d 110 (2d Cir. 2012) ............................................................... 10

*Groh v. Ramirez,* 540 U.S. 551 (2004) ............................................................................ 24

*Harris v. Mills,* 572 F.3d 66 (2d Cir. 2009) ...................................................................... 8

*HealthNow N.Y., Inc. v. N.Y.,* 739 F. Supp. 2d 286 (W.D.N.Y. 2010) ................................... 14

*In re Ades and Berg Grp. Inv'rs*, 550 F.3d 240 (2d Cir. 2008).......................................................9

*In re Deposit Ins. Agency*, 482 F.3d 612 (2d Cir. 2007)..............................................................14

*In re Enter. Mortgage Acceptance Co., LLC Sec. Litig. v. Enterprise Mortg. Acceptance Co.*,
   391 F.3d 401 (2d Cir.2004)......................................................................................................10

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69 (2d Cir.1995)...........................9

*Jackson v. New York State*, 523 F. App'x 67 (2d Cir. 2013).........................................................9

*Johnson v. Pugh*, 11-CV-0385, 2013 WL 3013661 (E.D.N.Y. June 18, 2013) ..........................11

*Krajniak v. Wilson*, 157 Conn. 126 (1968) .................................................................................21

*Kuck v. Danaher*, 822 F. Supp. 2d 109 (D. Conn. 2011)............................................................14

*Lane v. Franks,* ——— U.S. ———, 134 S.Ct. 2369 (2014)…………..……………………………..24

*Lerner v. Fleet Bank, N.A.*, 318 F.3d 113 (2d. Cir. 2003) ............................................................7

*Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737 (1976) ..................................................................7

*Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015)........................................................7

*Lounsbury v. Jeffries*, 25 F.3d 131 (2d Cir. 1994)......................................................................11

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000 .............................................................9

*Malik v. Meissner,* 82 F.3d 560 (2d Cir. 1996).............................................................................6

*Manley v. New York City Police Dep't*, No. CV-05-679(FBLB),
   2005 WL 2664220 (E.D.N.Y. Oct. 19, 2005) ...........................................................................7

*Martinez v. Dep't. of Public Safety,* 263 Conn. 74 (2003)..........................................................19

*McAdam v. Suffolk County Police Dep't,* No. 16CV6283ADSAKT,
   2017 WL 3206322 (2017) .......................................................................................................11

*Messerschmidt v. Millender, __ U.S. __, 132 S.Ct. 1235 (2012)*................................................24

*Meyers v. City of New York,* 208 A.D.2d 258, 622 N.Y.S.2d 529 (N.Y. App. Div. 1995) ..........12

*Morse v. Univ. of VT*, 973 F.2d 122 (2d Cir. 1992) .....................................................................11

*Nemeth v. Vill. of Hancock*, 10-CV-1161, 2011 WL 56063 n.3 (N.D.N.Y. Jan. 7, 2011) ...........11

*New Jersey Carpenters Health Fund v. Royal Bank of Scotland,* 709 F.3d 109 (2d Cir. 2013) .... 6

*Orsini v. State of Connecticut Dept. of Transp.*, No. CV074007290S, 2008 WL 642631 ..... 16, 17

*Owens v. Okure*, 488 U.S. 235 (1989) ...................................................................................... 11

*Pluma v. City of N.Y.*, No. 16-1141, 2017 WL 1314879 (2d Cir. 2017) ..................................... 23

*Pollnow v. Glennon*, 757 F.2d 496 (2d Cir. 1985).................................................................. 21, 22

*Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260 (E.D.N.Y. 2013)................. 8

*S & D Maintenance Co. v. Goldin,* 844 F.2d 962 (2d Cir. 1988) ................................................ 13

*Sentner v. Bd of Trs.,* 184 Conn. 339 (1981) ............................................................................. 20

*St. George v. Gordon,* 264 Conn. 538 (2003) ............................................................................ 19

*State Ethics Comm'n*, 53 Conn. App. 808 (1999) ..................................................................... 16

*Tirse v. Gilbo*, No. 615CV0987GTSATB, 2016 WL 4046780 (N.D.N.Y. July 27, 2016) .......... 11

*Walczyk v. Rio*, 496 F.3d 139 (2d Cir. 2007)............................................................................. 23

*Walker v. Schult*, 717 F.3d 119 (2d Cir. 2013) ............................................................................ 8

*White v. Burns,* 213 Conn. 307 (1990)........................................................................................ 20

*Wilson v. Garcia*, 471 U.S. 261 (1985) ...................................................................................... 11

*Yan Ping Xu v. The City Of New York, S/H/A The New York City Department Of Health And Mental Hygiene, Dr. Jane R. Zucker, Dennis J. King, Brenda M. Mcintyre, Defendants-Appellees.*, No. 16-4079, 2017 WL 4994477 (2017) ............................................................. 14

*York v. McGuire,*63 N.Y.2d 760, 480 N.Y.S.2d 320, 469 N.E.2d 838 (N.Y. 1984) ................... 12

## State Statutes

Conn. Gen. Stat. § 5-226................................................................................................ passim
Conn. Gen. Stat. § 5-230............................................................................................ 5, 20, 21
Conn. Gen. Stat. § 5-200........................................................................................................ 16
Conn. Gen. Stat. § 5-268..................................................................................................... 16, 17
Conn. Gen. Stat. § 52-226............................................................................................... passim
Conn. Gen. Stat. § 52–226a ..................................................................................................... 5
Conn. Gen. Stat. § 52-577........................................................................................................ 11

**United States Code**

42 U.S.C. § 1983 ................................................................................. passim

**Federal Rules**

Fed. R. Civ. P. 8(a)(2) .......................................................................... 13
Fed. R. Civ. P. 12(b)(1) .................................................................. 1, 6, 7, 8
Fed. R. Civ. P. 12(b)(6) ....................................................................... passim
Fed. R. Civ. P. 12(c) ...................................................................... 1, 9, 10
Fed. R. Civ. P. 12(h)(3) ........................................................................... 6

**Regulations**

Regs., Conn. State Agencies § 5-240-1a ............................................... 6
Regs., Conn. State Agencies § 5-240-1a (b) ......................................... 17

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICK TORNEO | : | CIVIL NO.  3:17CV1826(SRU) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| DORA SCHRIRO, BRIAN | : | |
| MERAVIGLIA, REGINA RUSH- | : | |
| KITTLE, and DAVID ROSADO | : | |
| *Defendants* | : | DECEMBER 4, 2017 |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
### MOTION TO DISMISS THE COMPLAINT

The Defendants Dora Schriro, Brian Meraviglia, Regina Rush-Kittle and David Rosado, in their individual capacities ("Defendants") move to dismiss the Plaintiff's Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c).

## I.    INTRODUCTION[1]

For the reasons set forth below, Defendants move to dismiss the entire Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) , 12(b)(6), and 12(c) on the following grounds:

1.    Since 42 U.S.C. § 1983 has a three-year statute of limitation, Plaintiff's alleged adverse employment actions that occurred prior to the commencement of this action on October 2, 2017 are time barred;

2.    Plaintiff has failed to state a cause of action for any procedural due process violation[2].   As a probationary employee, Plaintiff had no protected property interest in

---

[1] Plaintiff has sought, but not obtained permission to sue the state from the Claims Commissioner.  *Canning v. Lensink,* 221 Conn. 346, 349 (1992).

[2] While the Complaint does not specify procedural due process, Plaintiff's counsel has advised that it is a procedural due process claim.

the position of Lieutenant.  The statutes on which Plaintiff relies do not establish a

protected property right.

3.      Plaintiff 's claims for injunctive relief and equitable relief fail against these state

officials in their *individual* capacities; no state individual Defendant is sued in his/her

official capacity as required to obtain injunctive relief.

4.The individual Defendants are entitled to qualified immunity because they violated no

clearly established right and their lack of personal involvement.

## II.    **RELEVANT FACTS** [3]

Plaintiff alleges that the Defendants violated his due process rights at the State of

Connecticut Department of Emergency Services and Public Protection (DESPP)'s division of

State Police by removing him as a Lieutenant during his allegedly improperly extended working

test period. (Complaint ¶1). He brings this suit against the Defendants in their individual

capacities only; no state official has been sued in his/her official capacity. (Complaint, ¶¶4-7).

Plaintiff alleges that on September 6, 2013, he was promoted from Master Sergeant to the

rank of Lieutenant. His working test period of one year was to expire on September 6, 2014.

(Complaint ¶31).

### A.    **April 2013 Incident**

On the morning following a police shooting, officers in the Middletown Police

Department found Plaintiff in his cruiser on the side of the road, taking him to the took him to

the Middletown Police Department, treating this as a medical issue. (Complaint, ¶¶ 26-27).

---

[3] The facts recited are drawn from the Complaint for purposes of this motion to dismiss.

### B.    Complaints About Torneo To State Police

Plaintiff alleges that on January 21, 2014, four months after being promoted to Lieutenant, an anonymous complaint was made accusing the State Police of covering up the fact that Torneo had driven drunk on the night of a police shooting in April 8, 2013.  Plaintiff alleges that the State Police received a second complaint in April 2014 assailing them for covering up for Torneo in regard to the April 8, 2013 incident. (Complaint ¶¶ 36, 37).

Moreover, in 2014 while Torneo was the Commander at Troop F,  there were several complaints about sexual discrimination. (Complaint ¶ 39). Plaintiff alleges that Andy Matthews, the President of the State Troopers Union (NP- I),  went directly to Commissioner Schriro on behalf of the female state troopers, demanding that Torneo be removed from Troop F. (Complaint ¶¶ 40- 42). In May 6, 2014 Patrick Torneo was transferred from Troop F to the State Police Headquarters. (Complaint ¶ 43).

Then on May 29, 2014, an Internal Affairs investigation was commenced in regard to the incident in Middletown the morning after the shooting on April 8, 2013. (Complaint ¶ 44).  The Internal Affairs investigation was done by Defendant Captain David Rosado who conducted the investigation under the supervision of Defendant Major Rush-Kittle. Plaintiff alleges that Defendant Major Regina Rush-Kittle, Commanding Officer of Professional Standards and Compliance (Internal Affairs) then requested that Plaintiff's working test period be extended for an additional six months. (Complaint ¶¶ 49- 50).

Before the conclusion of his working test period, on August 7, 2014 Plaintiff was notified by a letter that his working test period was extended (Exhibit A).   Confusingly, Plaintiff alleges that he was not notified in writing in advance of the extension of his working test period, in

3

violation of State of Connecticut's rules and policies, *although he also alleges that this working test period was set to expire on September 6, 2014.* (Complaint ¶31, Complaint ¶ 54).

On October 2, 2014, Plaintiff was notified that he was being demoted to Master Sergeant. (Complaint ¶ 55).  Plaintiff alleges that as a result of the State Police's improper extension of the working test period, he was demoted while still under his working test period. (Complaint ¶ 62). While Plaintiff alleges that he has no alternative administrative remedies to pursue his claim, he is currently pursuing a Claim at the Office of the Claims Commissioner, File No. 24741 where he is represented by the same counsel. (Complaint ¶ 62; Exhibit B).

Plaintiff asserts he had a *right to be a Lieutenant* in the State Police,  alleging a violation of Conn. Gen. Stat. §52-226 (Complaint, ¶¶70, 78, 85, and 92).  Further, Plaintiff alleges that Conn. Gen. Stat. §5-230 governs the standard for removal of a state employee during his working test period and that the Connecticut State Police Policy Manual also addresses the standard for removing a state police officer during a working test period:

> At any time during the work test period and after a fair trial, an appointing authority may remove an employee if, in the opinion of the appointing authority, the work test period indicates that the employee is unable or unwilling to perform the prescribed duties required to merit continuance in the new job position.

(Complaint, ¶¶ 11, 12).

Plaintiff further alleges that the Defendants willfully and/or corruptly relied upon secret information provided to injure Plaintiff's right to be a tenured Lieutenant in the State Police, in violation of Conn. Gen. Stat. §52-226[4] and willfully used influence, and official and/or political

---

[4] Conn. Gen. Stat. § 52–226a provides in pertinent part, "In any civil action tried to a jury, **after the return of a verdict and before judgment has been rendered thereon, or in any civil action tried to the court**, . . .  the prevailing party may file a written motion requesting the court to make a special finding to be incorporated in the judgment or made a part of the record, as the case may be, that the action or a defense to the action was without merit and not brought or asserted in good faith. Any such finding shall be admissible in any subsequent action brought to section 52–568." (emphasis supplied).

authority to prevent Plaintiff from becoming a tenured Lieutenant in the State Police, in violation of Conn. Gen. Stat. §52-226.[5]

Plaintiff also seeks equitable relief including a declaratory judgment, injunctive relief, and other equitable relief. (Complaint, Prayer for Relief ¶¶a, b, and h).  However, Plaintiff has failed to sue any individual defendant in his/her official capacity and thus cannot maintain this claim.

## III.   STANDARD FOR A MOTION TO DISMISS

### A.   Motion To Dismiss Under Fed. R. Civ. P. 12(b)(1)

A motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. The plaintiff, as the party asserting such jurisdiction, has the burden of proving its existence. *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir. 1996). A motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) tests the adequacy of the complaint, and the issue is whether, based on the pleading, the plaintiff can prove a set of facts that would entitle him to relief. *New Jersey Carpenters Health Fund v. Royal Bank of Scotland,* 709 F.3d 109, 120 (2d Cir. 2013); *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir. 1998).

Lack of subject matter jurisdiction is never waived. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Issues relating to subject matter jurisdiction may be raised at any time, even on appeal,

---

[5] Regs., Conn. State Agencies §  5-240-1a provides in pertinent part:
The following terms shall have the following meanings for the purposes of Section 5-240-1a through 5-240-8a of the Regulations of Connecticut State Agencies:

(a) "Appointing authority" means a board, commission, officer, commissioner, person or group of persons having the power to make appointments by virtue of a statute.

(b) "Employee" means an employee holding a position in the classified service of the state, whether full time or part time, for which compensation is paid, **who has been appointed to that position following successful completion of a working test period.**
(emphasis supplied).

and even by the court sua sponte. If a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008), citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976).

### B.     Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6)

The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are "substantively identical." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d. Cir. 2003). However, on a motion to dismiss under Rule 12(b)(1), the party invoking the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6). *Id.*

Under FRCP 12(b)(6) a party may move to dismiss a matter for failure to state a claim upon which relief may be granted.  A motion to dismiss based on a statute of limitations defense "is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter." *Frederick v. Jetblue Airways Corp.*, No. 14-CV-7238(DLI)(RER), 2016 WL 1306535, at *4 (E.D.N.Y. Mar. 31, 2016), *aff'd,* 671 F. App'x 831 (2d Cir. 2016); *see also Manley v. New York City Police Dep't*, No. CV-05-679(FBLB), 2005 WL 2664220, at *1 (E.D.N.Y. Oct. 19, 2005) (defendant moved to dismiss the plaintiff's Title VII and ADA claims as untimely pursuant to Rule 12(b)(6)).  Generally, to survive a motion to dismiss for failure to state a claim, a plaintiff need only plead facts sufficient to render his claims facially plausible. *Littlejohn v. City of New York*, 795 F.3d 297, 310-311 (2d Cir. 2015).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). The Second Circuit has explained that after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L.Ed. 2d 868 (2009)). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and ... determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679.  However, "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Atlantic Mutual Ins. Co. v. Balfour MacLaine Int'l*, 968 F.2d 196, 198 (2d Cir. 1992).   Moreover, in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court may, if necessary, refer to evidence outside the pleadings.  *Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000.

7

In ruling on a 12(b)(6) motion, the Court may consider the complaint, any exhibits attached to the complaint, and any documents explicitly or implicitly incorporated into the complaint by reference. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint.'" *Id.* at 153 quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir.1995). Accordingly, the Defendants append to this memorandum as Exhibit A the letter executed by Plaintiff on August 7, 2014 extending his working test period and referenced in the Complaint. "'[M]atters judicially noticed by the District Court are not considered matters outside the pleadings.'" *Dechberry v. New York City Fire Dep't*, No. 14-CV-2130 KAM SMG, 2015 WL 4878460, at *1 (E.D.N.Y. Aug. 14, 2015) quoting *Gilbert v. N. Am. Airlines,* No. 12–CV–523, 2014 WL 1271057, at *1 (E.D.N.Y. Mar. 26, 2014). "Matters subject to judicial notice --such as decisions [in] related proceedings --are properly considered on a motion to dismiss and do not require the court to consider the motion as one for summary judgment*." Jackson v. New York State*, 523 F. App'x 67, 68 (2d Cir. 2013).

### C.    Motion To Dismiss Under Fed. R. Civ. P. 12(c)

A motion for judgment on the pleadings under Rule 12(c), is governed by the same standard as a motion under Rule 12(b)(6). *In re Ades and Berg Grp. Inv'rs*, 550 F.3d 240, 243 n.4 (2d Cir. 2008). As such, the district court accepts all allegations in the complaint as true, draws all reasonable inferences in the plaintiffs' favor, and properly dismisses the complaint when the allegations in the complaint fail to raise an entitlement to relief above the speculative level. *Id; see also Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) ("To survive a Rule 12(c) motion,

8

the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on

its face.' ").

## IV.   <u>ARGUMENT</u>

### A.   Since A Section 42 U.S.C. § 1983 Has A Three Year Statute Of Limitations, Claims For Actions That Occurred Before October 2, 2014 Are Time Barred.

This action was commenced on October 2, 2017 in the Connecticut Superior Court with

the service of the Summons and Complaint on the Defendants. [Doc. #1].   That Complaint

asserts claims only pursuant to 42 U.S.C. § 1983 against individual Defendants Dora Schriro,

Brian Meraviglia, Regina Rush-Kittle and David Rosado in their individual capacities. Plaintiff

contends that the Defendants improperly extended his working test period as Lieutenant and

alleges that the Internal Affairs investigation of his actions on April 8, 2013 was improperly

reopened on May 29, 2014 (Complaint ¶¶ 72, 77, 88).   Because the re-opening of the Internal

Affairs' investigation and the extension of Plaintiff's working test period occurred by August 7,

2014 - more than three years prior to the commencement of this action - these claims are

untimely.[6] Since the applicable statute of limitations for a Section 1983 claim is three years, any

claims regarding acts that occurred prior to October 2, 2014 are untimely.

Statutes of limitations "protect interests in reliance and repose, guard against stale

demands, and limit the circumstances in which a reviewing court can grant relief…" *In re Enter.*

*Mortgage Acceptance Co., LLC Sec. Litig. v. Enterprise Mortg. Acceptance Co.,* 391 F.3d 401,

409 (2d Cir.2004) (internal citations and quotation marks omitted)). Because "Congress did not

enact a statute of limitations governing actions brought under § 1983, the courts must borrow a

state statute of limitations." *Lounsbury v. Jeffries,* 25 F.3d 131, 133 (2d Cir. 1994). According to

---

[6] While Plaintiff also complains of being improperly demoted from Lieutenant to Master Sergeant, that demotion was not wrongful since it occurred during the probationary period and Plaintiff possessed no protected property right to that promotion. Thus, as will be addressed subsequently, he has not alleged a procedural due process claim.

the Supreme Court, "§ 1983 claims are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). The appropriate statute of limitations is therefore the state's general or residual statute of limitations for personal injury claims. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989). Because Connecticut's statute of limitations for personal injury claims is three years pursuant to Conn. Gen. Stat. § 52-577, any Section 1983 claim brought more than three years after the alleged wrongful action is barred. *Lounsbury*, 25 F.3d at 134.

Although state law determines the applicable limitations period, "[f]ederal law governs the question of when a federal claim accrues." *Morse v. Univ. of VT*, 973 F.2d 122, 125 (2d Cir. 1992). "In analyzing the timing of accrual in the context of discrimination claims, the Supreme Court has instructed that 'the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful.'" *Id.* (quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).  A cause of action accrues under Section 1983 "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Golino v. City of New Haven*, 761 F. Supp. 962, 965 (D. Conn.), aff'd 950 F.2d 864 (2d Cir. 1991), cert. denied, 505 U.S. 1221 (1992).

Here, it is undisputed that the time of the alleged violation of due process – *the extension of the Plaintiff's working test period as a Lieutenant* – is August 7, 2014.  <u>See</u> Complaint, ¶¶ 1; Exhibit A, August 7, 2014 letter signed by Plaintiff.[7]  It is also beyond cavil that the current Complaint, which seeks damages because the extended working test period, was commenced on

---

[7] While the Defendants ask the Court to consider documents outside the pleadings, those documents are admissible for the purposes of deciding a motion for a judgment on the pleadings. *Tirse v. Gilbo*, No. 615CV0987GTSATB, 2016 WL 4046780, at *14 (N.D.N.Y. July 27, 2016) (citing *Johnson v. Pugh*, 11-CV-0385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) (stating that, "[a] court may take judicial notice of matters of public record, including ... decisions in prior state court adjudications"); *accord*, *Nemeth v. Vill. of Hancock*, 10-CV-1161, 2011 WL 56063, at *1 n.3 (N.D.N.Y. Jan. 7, 2011) (McAvoy, J.) (collecting cases); *Barnes v. Cty. of Monroe*, 85 F. Supp. 3d 696, 723 (W.D.N.Y. 2015)); *McAdam v. Suffolk County Police Dep't,* No. 16CV6283ADSAKT, 2017 WL 3206322, at *4 (2017).

October 2, 2017 – two months and two days beyond the three-year limit.  The time of the alleged

violation and the filing of the Complaint are both beyond the expiration of the three-year

limitation period.  As a result, the entire Complaint must be dismissed because the statute of

limitations has expired.

> **B.     As A Matter Of Law, Plaintiff Had No Constitutionally-Protected Interest In
> The Lieutenant Position During His Working Test Period**

The viability of Plaintiff's claim that the extension of his working test period (which

prevented his demotion from being challenged in labor arbitration) deprived him of procedural

due process turns on whether he enjoyed a constitutionally-protected interest in his employment

as a Lieutenant.  *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972) ([I]t is the employee's

status which determines whether he has a legitimate expectation of future employment." *Goetz v.

Windsor Central School Dist.*, 698 F.2d 606, 609 (2d Cir. 1983).  Plaintiff's claim of entitlement

to continued employment as a Lieutenant must be based on state law, contract or some other

such source of an alleged reasonable expectation of continued employment. Here, there is no

dispute that the Plaintiff was a probationary employee, with no legitimate expectation of

continued employment absent successful completion of his working test period as a Lieutenant.[8]

"It is well settled that a probationary employee, unlike a permanent employee, has no property

rights in his position and may be lawfully discharged without a hearing and without any stated

specific reason." *Finley v. Giacobbe*, 79 F.3d 1285, 1297–98 (2d Cir. 1996) (citing *Meyers v.

City of New York,* 208 A.D.2d 258, 262, 622 N.Y.S.2d 529, 532 (N.Y. App. Div. 1995); *York v.

McGuire,* 63 N.Y.2d 760, 761, 480 N.Y.S.2d 320, 321, 469 N.E.2d 838, 839 (N.Y. 1984)

(probationary employee may be terminated without a hearing or statement of reasons); *Flood v.

---

[8] An employee is defined as someone **who has been appointed to that position following successful completion of a working test period.** Regs., Conn. State Agencies §  5-240-1a (b) (emphasis supplied).

*County of Suffolk,* 820 F. Supp. 709, 713 (E.D.N.Y. 1993) (probationary employee had no property right in her position); *see also S & D Maintenance Co. v. Goldin,* 844 F.2d 962, 967 (2d Cir. 1988) ("In the employment context, a property interest arises only where the state is barred, whether by statute or contract, from terminating ... the employment relationship *without cause.*" (emphasis in original)).

In the instant case, the Plaintiff did not possess a constitutionally-protected interest in the position of Lieutenant.  Indeed, Plaintiff alleges he was serving a working test period.  Within that probationary term, the Plaintiff was notified that he would be returned to the rank of Master Sergeant.  Because it is undisputed that the Plaintiff was a probationary employee at the time of his demotion, he did not possess a constitutionally protected property interest and was not entitled to any additional procedures.[9]  Accordingly, the Defendants' motion to dismiss the Plaintiff's procedural due process claims pursuant to Rule 12(c) should be granted.

### C.      The Complaint Fails To State A Claim Upon Which Relief Can Be Granted.

Moreover, the Plaintiff has not set forth sufficient allegations to meet the pleading requirements of *Iqbal.*  Thus, all Counts must be dismissed pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Plaintiff's allegations are general and conclusory and do not meet the pleading requirements of *Iqbal.*  Specifically, the allegations do not contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face" as required under *Iqbal*.  566 U.S. at 678.  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Id*. at 677-78.  A complaint does not suffice if it "tenders naked assertion[s]

---

[9] Plaintiff references the Arbitration Award which reversed his suspension for wrongdoing, in which the Arbitrator admitted he had no jurisdiction to address the Plaintiff's return to the rank of Master Sergeant during his working test period.  (Complaint, ¶61). Given the Arbitrator's admission he lacked jurisdiction, his superfluous comments on *what he would do if he had jurisdiction* are meritless.

devoid of further factual enhancement." *Id*. at 678.  The complaint lacks sufficient factual predicate to establish that the Plaintiff as a probationary Lieutenant, possessed a property interest in this position, and therefore fails to state a claim for procedural due process upon which relief can be granted.

On November 2, 2017, the Second Circuit decided a procedural due process claim by a municipal employee, noting the distinction between a *probationary employee* and a permanent employee.  *Yan Ping Xu v. The City Of New York, S/H/A The New York City Department Of Health And Mental Hygiene, Dr. Jane R. Zucker, Dennis J. King, Brenda M. Mcintyre, Defendants-Appellees.*, No. 16-4079, 2017 WL 4994477 (2017).  In *Xu,* in contrast to the present case, the plaintiff was improperly fired without a predeprivation hearing because the municipal defendants wrongly believed her to be a probationary employee who was not entitled to such a hearing. *Xu,* 2017 WL 4994477, at *2.

### D.    The Plaintiff Has Not Stated A Claim For Injunctive Or Equitable Relief.

Likewise, the requested equitable relief must also be dismissed for failure to state a legally cognizable claim against the individual Defendants in their individual capacities. Although "a plaintiff may sue a state official acting in his *official* capacity—notwithstanding the Eleventh Amendment—for prospective, injunctive relief from violations of federal law," the plaintiff must allege an ongoing violation of federal law, and seek relief properly characterized as prospective. *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007). However, the Plaintiff *has not* sued any state official in his/her official capacity in the instant case.  Moreover, the Plaintiff must seek relief from parties empowered to implement the requested action. *See Kuck v. Danaher*, 822 F. Supp. 2d 109, 151 (D. Conn. 2011); *HealthNow N.Y., Inc. v. N.Y.*, 739 F. Supp. 2d 286, 294 (W.D.N.Y. 2010), *aff'd*, 448 Fed.Appx. 79 (2d Cir. 2011) ("For a state

13

officer to be a proper party, both a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty are needed." (internal quotations omitted)).  Thus, not only has Plaintiff failed to sue any individual state employee in his/her official capacity, he also Plaintiff fails to allege facts to demonstrate that the named Defendants are empowered to provide the requested relief to this employee whose employment is controlled by the terms of a collective bargaining agreement.

Moreover, this Complaint cannot be cured by an amendment.  The Eleventh Amendment bars any official capacity claims against these state Defendants for injunctive relief because the *Ex Parte Young* doctrine is not satisfied. First, the Plaintiff does not allege an ongoing violation of federal law by any state defendant. Rather, he generally claims that the individual Defendants' actions are actionable, without an applicable citation to any federal law. Additionally, the Plaintiff's requested relief is retrospective; he seeks to vacate the decision extending his working test period so he would be promoted to Lieutenant. Because no state official has been sued in his/her individual capacity, the Plaintiff cannot state a claim for injunctive or equitable relief. Accordingly, the Defendants' motion to dismiss the Plaintiff's claims for injunctive and equitable relief should be granted.

### E.      Conn. Gen. Stat. §5-226[10] Does Not Afford Any Protected Property Rights

Plaintiff improperly relies upon Conn. Gen. Stat. §5-226, which does not confer any rights upon Plaintiff (Complaint ¶13) and does not create a private cause of action. Section 5–

---

[10] Plaintiff repeatedly references Conn. Gen. Stat. *§ 52-226* in all Counts. (¶¶70, 78, 81, 85, 88, and 92).  Defendants assume *arguendo* that reference is a scrivener's error and Plaintiff meant to invoke §5-226.  In an abundance of caution, the Defendants thus also address claims pursuant to both statutes.

226[11] is part of the State Personnel Act, General Statutes Chapter 67. The Act lacks any provision expressly permitting civil actions by private individuals for a violation of this statute.

The State Personnel Act sets forth its scope in General Statutes § 5-194. The State Personnel Act sets forth a system of personnel administration of employees in state service under the authority of the commissioner of administrative services." *Merch. v. State Ethics Comm'n*, 53 Conn. App. 808, 812–13 (1999).

Rather than provide employees like Plaintiff a cause of action, instead, General Statutes § 5–268[12] creates criminal penalties in the form of fines and incarceration for violators. The responsibility to enforce these criminal sanctions is delegated to the local state's attorneys. *Orsini v. State of Connecticut Dept. of Transp.*, No. CV074007290S, 2008 WL 642631, at *1.  As the Court said in *Orsini,* "the Act is devoid of any language or provision which supports the notion that a private cause of action is created implicitly. To the contrary, the statutory scheme contains only criminal penalties and even lacks provisions permitting civil fines or injunctive relief."

---

[11]Conn. Gen. Stat. § 5-226 provides:

No person, by himself or in cooperation with one or more persons, may (1) wilfully defeat, deceive or obstruct any person in respect to his right of taking any examination for or receiving an appointment to the classified service according to this chapter or according to any regulations adopted under this chapter; (2) wilfully, corruptly or falsely mark, rate, grade, estimate or report upon the application, examination, qualifications or standing of any person whose name has been placed upon any candidate list pursuant to the provisions of this chapter, or aid in so doing; (3) wilfully make any false representation concerning any application or examination or concerning the person applying or examined; (4) wilfully or corruptly furnish to any person any special or secret information for the purpose of either improving or injuring the prospects or chances of any person applying and competing for employment in the classified service; (5) impersonate any other person or permit or aid in any manner any other person to impersonate him in any application, examination or appointment or request to be examined or appointed; or (6) use, represent to use, promise or endeavor to use influence or official or political authority to secure for any person any appointment or prospect of appointment to any position in the classified service.

Further, Conn. Gen. Stat. § 5-200 provides in part, "(t) Any matters involving collective bargaining shall be the responsibility of the Secretary of the Office of Policy and Management."

[12] Conn. Gen. Stat. § 5-268 provides,
Any person who, wilfully or through culpable negligence, violates, or who conspires to violate, any provision of this chapter shall be fined not more than one thousand dollars or imprisoned not more than one year or both. Prosecutions for violations of this chapter may be instituted by the state's attorney for the judicial district in which the offense is alleged to have been committed.

*Orsini v. State of Connecticut Dept. of Transp.*, No. CV074007290S, 2008 WL 642631, at *1

(Sferrazza, J.).

> **a.      Since Nothing In Conn. Gen. Stat. § 5-226 Expressly Or Implicitly
> Confers A Private Cause Of Action On The Plaintiff, He Lacks
> Standing To Bring An Action Pursuant To This Statute Which
> Confers No Property Right To Plaintiff.**

Counts One through Four allege that the Defendants willfully or corruptly obstructed or

defeated Plaintiff's right to be a Lieutenant in violation of Conn. Gen. Stat. §52-226 and

prevented Plaintiff from becoming a tenured Lieutenant in in violation of Conn. Gen. Stat. §52-

226.  Yet, there is nothing in this section, or even in the chapter in which this section is

contained, that either expressly or implicitly authorizes the Plaintiff, or anyone else, to bring a

civil action pursuant to this section.  Thus, the Plaintiff lacks standing to bring this cause of

action. "Standing is established by showing that the party claiming it is authorized by statute to

bring an action, in other words statutorily aggrieved, or is classically aggrieved." *Eder Bros.*

*Inc.,* 275 Conn. at 369.  "Statutory aggrievement exists by legislative fiat . . . ." *Id.* at 370

(quoting *Fort Trumbull Conservancy, LLC v. Alves,* 262 Conn. 480, 487 (2003)).

Although the Plaintiff may be able to demonstrate that Section 5-226 was enacted to

benefit state employees, the Legislature did not intend to provide a private cause of action to

enforce it.  First, section 5-268 provides:

> Any person who, wilfully or through culpable negligence, violates, or who
> conspires to violate, any provision of this chapter shall be fined not more than one
> thousand dollars or imprisoned not more than one year or both. Prosecutions for
> violations of this chapter may be instituted by the state's attorney for the judicial
> district in which the offense is alleged to have been committed.

Conn. Gen. Stat. § 5-268.  This section provides a clear legislative intent to transmit enforcement

authority of section 5-226 to the State's Attorney, not to a private litigant.

16

When the Legislature has placed the enforcement of a statute with a particular entity, courts have been unwilling also to imply a private cause of action.  For example, in *Eder Bros. Inc. v. Wine Merchants of Conn.*, the plaintiffs alleged that some of the defendant's practices violated, *inter alia,* sections 30-64a and 30-94(a) of the Liquor Control Act (the "Act").  *Eder Bros.,* 275 Conn. at 365.  The defendant moved to dismiss that cause of action, arguing that  "the enforcement of the Liquor Control Act is vested exclusively within the department [of Consumer Protection] and that no private right of action to enforce its provisions exists."  *Id*. at 370.

The Connecticut Supreme Court agreed with the defendant.  After reviewing the language of Sections 30-64a and 30-94(a), the Court concluded that the sections "simply prescribe certain conduct by distributors and do not expressly authorize any private enforcement mechanism."  *Id.* at 373.  The Court went on to conclude that, based on other provisions of the Act, "the department is intended to be the sole enforcer of the [Act]."  *Id.*  Among those provisions was section 30-6(a), which provides in pertinent part:

> The [department] shall enforce the provisions of this chapter . . . It may generally do whatever is reasonably necessary for the carrying out of the intent of this chapter; and, without limiting its authority, it may call upon other administrative departments of the state government and of municipal governments, upon state and municipal police departments and upon prosecuting officers and state's attorneys for such information and assistance as it deems necessary to the performance of its duties.

Id. at 373-74.  Given this and the language in several other sections, the Court concluded that "the [Act] reflects that the legislature intended to convey the duty of enforcing that act exclusively to the department, except where otherwise expressly stated."  *Id.* at 374.

This Court should reach a similar conclusion on the facts of this case as follow the Superior Court's interpretation in *Orsini.*  There is nothing in the language of Section 5-226 that either expressly provides for a private cause of action or implies one.  To the contrary, as in *Eder*

17

*Bros.,* the language of this statute indicates that the Legislature intended enforcement of Section 5-226 to be done by the State's Attorney's office – it does not confer a property right or cause of action upon the Plaintiff.

Moreover, the law also provides an administrative mechanism for employees to appeal what they perceive to be an improper act on the part of the State; Plaintiff has a claim seeking damages against the Department pending with the Claims Commissioner.  Because employees have other avenues to pursue redress against alleged wrongdoing, it would be inconsistent with this Legislative scheme to also provide an employee with the right to bring a private cause of action pursuant to Section 5-226.

Implying a private cause of action pursuant to section 5-226 would be inappropriate in this case because such an act would abrogate the State's sovereign immunity from suit.[13]  It is settled law that "[t]he question whether the principles of governmental immunity from suit and liability are waived is a matter for legislative, not judicial, determination. . . . The state's sovereign right not to be sued may be waived by the legislature, **provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication.**" *Duguay v. Hopkins,* 191 Conn. 222, 228 (1983) (emphasis added, citations and internal quotation marks omitted); *see also St. George v. Gordon,* 264 Conn. 538, 550 (2003).  Because sovereign immunity is compromised of two related, but separate concepts – immunity from liability and immunity from suit – a statute that merely provides that the State may be liable for certain conduct does not permit suit against the State unless it also expressly provides for such a suit. *See, e.g., Martinez v. Dep't. of Public Safety,* 263 Conn. 74, 79-80 (2003).  As has been detailed

---

[13] Plaintiff has sought permission from the Claims Commissioner to sue the state for the very acts alleged in this Complaint and that remains pending. (Exhibit B, Claims Commission Complaint).

above, there is nothing in Section 5-226 that expresses *any* intent – let alone a clear intent – to permit suit against state officials for allegedly violating Section 5-226.

Moreover, even if the Plaintiff could demonstrate that Section 5-226 is unclear as to whether it waived the State's sovereign immunity, which it is not, any doubts as to its meaning must be resolved *against* permitting suit against the State or its officials.[14]  As our Supreme Court has stated, "[i]t is axiomatic that we strictly construe legislative exceptions to the common law doctrine of  sovereign immunity."  *Chatterjee v. Commn'r. of Rev. Servs.,* 277 Conn. 681, 691 (2006). "The state's sovereign right not to be sued without its consent is not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms."  *White v. Burns,* 213 Conn. 307, 312-13 (1990).  Thus, "where there is any doubt about the meaning or intent of a statute in derogation of sovereign immunity, it is given the effect which makes the least rather than the most change in sovereign immunity." *First Nat'l. Bank v. Hi Ho Mall Shopping Ventures, Inc.,* 273 Conn. 287, 194 (2005).

### F.    Conn. Gen. Stat. §5-230 Addressing Working Test Periods Does Not Confer Any Protected Property Rights On Plaintiff

Conn. Gen. Stat. § 5-230 also does not confer any protected property right to the Plaintiff in the Lieutenant's position.  While Plaintiff relies on an August 2000 letter from the Department of Administrative Services Deputy Commissioner, working test periods for state employees are codified in Conn. Gen. Stat. § 5-230.  This statute, which is part of the State Personnel Act, Chapter 67, provides:

---

[14]"'[B]ecause the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state.'"  *Canning v. Lensink,* 221 Conn. 346, 349 (1992) (quoting *Sentner v. Bd of Trs.,* 184 Conn. 339, 342 (1981)).

The Commissioner of Administrative Services shall establish appropriate working test periods of not less than three months nor more than one year for the various classes of positions. **Within ten days preceding the termination of the working test period, and at such other times as the commissioner deems appropriate, the appointing authority shall report to the commissioner whether such employee is able and willing to perform his duties in a manner so as to merit permanent appointment. At any time during the working test period, after fair trial, the appointing authority may remove any employee if, in the opinion of such appointing authority, the working test indicates that such employee is unable or unwilling to perform his or her duties so as to merit continuance in such position and shall report such removal to the commissioner.** The name of any employee so removed, but who is considered by the commissioner to be suitable for employment in some other department, agency or institution, may be restored to the candidate list if such list is active. For the purposes of this section, any employee who has served part of a working test period in a position in the classified service who is, pursuant to examination, appointed to, and serves part of a working test period in, a position in a higher classification in a field of work directly related to his or her prior position, from which new position he or she is dismissed, shall, at his or her option, be reappointed to the position which such employee first had and his or her service in the working test period for such first position shall be deemed to include the time spent in the working test period for the higher position.

(emphasis supplied).  The Connecticut Supreme Court addressed determining that the decision to

promote the employee's status to permanent should be made, and communicated to the

employee, within a reasonable time, and *preferably* before the expiration of the working test

period. *Krajniak v. Wilson*, 157 Conn. 126, 132 (1968)(decision that employee's performance

was unsatisfactory was communicated to her after expiration of the working test period did not

qualify her for permanent status).

Accordingly,  since Section § 5-230 does not provide a basis for Plaintiff's procedural

due process claims, he has failed to state a claim for relief and this matter should be dismissed

### G.    Plaintiff Cannot Enforce These Connecticut State Laws through 42 U.S.C. § 1983 and All Such Claims Must Be Dismissed

It is well settled that a violation of state law is not cognizable under Section 1983. *Davis*

*v. Scherer,* 468 U.S. 183, ⸺, 104 S.Ct. 3012, 3019 (1984); *Pollnow v. Glennon*, 757 F.2d 496,

501 (2d Cir. 1985). Furthermore, such a violation, even if there were one, would not deprive a

20

state official of qualified immunity from damages. Absent a violation of clearly established *constitutional* or *federal statutory rights* of which a reasonable person would have known, a state school official cannot be held accountable for damages under § 1983. See *Davis, supra,* 468 U.S. at ——, 104 S.Ct. at 3019–20; *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985).

In the present case, the Plaintiff attempts to enforce a portion of the Connecticut State Personnel Act, General Statutes Chapter 67, through his Section 1983 claims.  Indeed, the Complaint does not state a single allegation grounded in a violation of a federal right since he had no protected property interest in the position of Lieutenant.  Instead, the Plaintiff complains that the individual Defendants violated a state statute by demoting him while his working test period was active.  It is clear that these provisions of the Connecticut State Personnel Act are not enforced under the United States Constitution.  Given that the only laws Plaintiff seeks to enforce through Section 1983 cannot be enforced through this section, and that Section 1983 is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes the Plaintiff's claims fail.

For example, the Connecticut Supreme Court considered whether the doctrine of sovereign immunity precluded a state employee from bringing an action against the officials who allegedly laid him off from his employment in the classified service in violation of the seniority restrictions set forth in General Statutes § 5-241. *Cox v. Aiken,* 278 Conn. 204 (2006). The *Cox* court concluded,

> Thus, because the facts alleged by the plaintiff indicate that the defendants acted consistently with the legislatively approved superseniority provision of the relevant collective bargaining agreement, the defendants did not exceed their statutory authority and remain entitled to sovereign immunity.

*Cox,* 278 Conn. 204, 218.

21

Accordingly, since the Plaintiff does not – *and cannot* - allege that he possessed a constitutionally protected property right to the Lieutenant position during his working test period, his claims fail.

### H.   The Individual Defendants Are Entitled To Qualified Immunity.

As alternative grounds for dismissal, the Court should conclude that the individual Defendants are entitled to the protection of qualified immunity under the circumstances of this case.  Qualified immunity  shields government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights — it is both a defense to liability and a limited entitlement not to stand trial or face the other burdens of litigation. *Garcia v. Does*, 779 F.3d 84, 91, 97 (2d Cir. 2015). **"**Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Garcia*, 779 F.3d at 92 (quotation marks omitted). "'[Q]ualified immunity protects all but the plainly incompetent or those who knowingly violate the law.' *Walczyk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007)." *Pluma v. City of N.Y.*, No. 16-1141, 2017 WL 1314879, at *1 (2d Cir. 2017).

As the Second Circuit reiterated earlier this year, the Court is not to define clearly established law at a high level of generality. *Brown v. City of New York*, 862 F.3d 182, 190 (2d Cir. 2017).  Controlling authority serves to put officials on notice of what is unlawful; however, existing precedent must have placed the statutory or constitutional question beyond debate. *Brown v. City of New York***,** 862 F.3d 182, 190 (2d Cir. 2017). In order to place a question beyond debate, there need not be a case exactly on point "so long as preexisting law 'clearly foreshadow[s] a particular ruling on the issue.' " *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015).

Qualified immunity gives government officials breathing room to make reasonable but **mistaken judgments about open legal questions**.  *Lane v. Franks,* ⸺ U.S. ⸺, 134 S.Ct. 2369 (2014). Where the facts do not plausibly describe a situation in which reasonable officials would have clearly understood that their actions violated clearly established law, dismissal of the Complaint is required. *Garcia v. Does*, 779 F.3d 84, 97 (2d Cir. 2015). The doctrine "affords government officials 'breathing room' to make reasonable—even if sometimes mistaken—decisions." *Distiso v. Cook*, 691 F.3d 226, 240 (2012).

Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.  As a result, qualified immunity "***protects all but the plainly incompetent*** or those who knowingly violate the law." (Emphasis added.) *." Messerschmidt v. Millender, __ U.S. __, 132 S.Ct. 1235, 1244 (2012).*

Even assuming a constitutional or statutory violation occurred, which Defendants hotly dispute, the protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting) (citing *Butz v. Economou,* 438 U.S. 478, 507 (1978) (qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law.") Further, in order to state a cognizable claim, the plaintiff must allege, "personal involvement of [the defendants] sufficient to support their liability for wrongful acts," not merely their "linkage in the  . . . chain of command."  *Ayers v. Coughlin,* 780 F.2d 205, 210 (2d Cir. 1985).

23

Whether the Defendants are entitled to qualified immunity is determined by looking at the law as it existed at the time of the Defendant's actions or decisions.  In the present case, the relevant time period is when the working test period was extended, on August 7, 2014, and reopening the Internal Affairs' investigation on May 29, 2014. (Complaint, ¶¶ 1, 44).  At this time, the law was clearly established with respect to a constitutionally-protected interest in continued employment.  See *Board of Regents v. Roth*.  If the plaintiff had a constitutionally-protected interest in continued employment, then he was entitled to the protections of due process. But if he was an employee-at-will with no legitimate expectation of continued employment, then the due process clause was not implicated.  "An at-will probationary employee does not possess a due process property entitlement to continued employment. *See Bollow v. Fed. Reserve Bank of S.F.,* 650 F.2d 1093, 1098 (9th Cir.1981); *see also Bd. of Regents of State Coll. v. Roth,* 408 U.S. 564, 577–78 (1972).

As described in the prior section, none of the statutes Plaintiff cites provides him with a right to be a Lieutenant.  Since Plaintiff was a probationary Lieutenant, the Defendants reasonably considered him to be in an at-will position with no legitimate expectation of continued employment as Lieutenant.  Indeed, the Plaintiff did not possess an employment contract or statutory right creating property right to the position of Lieutenant during his working test period.  Moreover, Plaintiff cannot demonstrate any right to limit having his working test period extended if necessary within his original one-year working test period, as it was on August 7, 2014.[15]

---

[15] On September 6, 2013, Plaintiff was promoted on September 6 , 2013 from Master Sergeant to the rank of Lieutenant. His working test period of one year was to expire on September 6, 2014. (Complaint ¶31).

1.      **Improper Actions Alleged Against Each Defendant**

a.      **Commissioner Dora Schriro (Count One)**

Plaintiff alleges that Defendant Schriro violated his constitutional right to due process, under the Fourteenth Amendment to the United States Constitution, by

> 1. Willfully, obstructing and/or defeating Torneo's right to be a Lieutenant in the State Police, in violation of Conn. Gen. Stat. §52-226
>
> 2. Willfully and/or corruptly relying upon secret information provided to injure Torneo's right to be a tenured Lieutenant in State Police, in violation of Conn. Gen. Stat. §52-226.
>
> 3.      Willfully using influence, and official and/or political authority to prevent Torneo from becoming a tenured Lieutenant in State Police, in violation of Conn. Gen. Stat. §52-226.

(Complaint ¶ 70).

Here, the Commissioner (Defendant Schriro) is alleged to have had knowledge of the continued investigations triggered by the anonymous tip/complaint. Complaint at ¶ 70. The Commissioner is entitled to qualified immunity not only because she violated none of Plaintiffs' rights, but also because her actions were objectively reasonable. Upon learning of the anonymous tip/complaint, Defendant Schriro had a duty to investigate the allegations and take the appropriate disciplinary actions.

b.      **Colonel Brian Meraviglia (Count Two)**

Plaintiff alleges that Defendant Brian Meraviglia violated his right to due process of law, under the Fourteenth Amendment of the United States Constitution, in one or more of the following ways:

> 1. Demoted Patrick Torneo despite the fact that after "fair trial," there were no performance issues relating to Torneo's performing his duties as a Lieutenant, in violation of State Police policies and state statutes.

2. Permitted Patrick Torneo's working test period as Lieutenant to be improperly extended, despite the fact that there was no proper justification under state statutes and policies and State Police policies pertaining to working test periods for extension of the working test period.

3. Permitted the re-opening of an internal affairs investigation into Torneo's interaction with the Middletown Police Department the morning after the police shooting, despite his knowledge of the events and the fact that the chain of command, including him, had already chosen to treat it as a medical issue.

4. Willfully, obstructing and/or defeating Torneo's right to be a Lieutenant in the State Police, in violation of Conn. Gen. Stat. §52-226

5. Willfully and/or corruptly relying upon secret information provided to injure Torneo's right to be a tenured Lieutenant in State Police, in violation of Conn. Gen. Stat. §52-226.

6. Willfully using influence, and official and/or political authority to prevent Torneo from becoming a tenured Lieutenant in State Police, in violation of Conn. Gen. Stat. §52-226.

(Complaint ¶ 77-78).

Here, Colonel Meraviglia (Defendant Meraviglia) is alleged to have had knowledge of the continued investigations triggered by the anonymous tip/complaint. Complaint at ¶ 77-78. Defendant Meraviglia is entitled to qualified immunity not only because he violated none of Plaintiffs' rights, but also because her actions were objectively reasonable. Because the Plaintiff was a probationary employee, it was within Defendant Meraviglia's discretion to extend the Plaintiff's working test period. Further, in light of the anonymous tip about Plaintiff's alleged drunk driving incident and upon receiving complaints about sexual discrimination while under the Plaintiff's leadership, Defendant Meraviglia acted reasonably.

c. **Major Regina Rush-Kittle, Commanding Officer of Professional Standards and Compliance (Internal Affairs)(Count Three)**

Plaintiff alleges that Defendant Rush-Kittle a violated his due process rights in violation of the Fourteenth Amendment by:

1. Reopening and initiating an internal affairs investigation of a year old incident based upon anonymous complaints, and improper influence and pressure exerted upon her in violation of Conn. Gen. Stat. §52-226, and State Police policies pertaining to internal affairs complaints;

2. Willfully, obstructing and/or defeating Torneo's right to be a Lieutenant in the State Police, in violation of Conn. Gen. Stat. §52-226

3. Willfully and/or corruptly relying upon secret information provided to injure Torneo's right to be a tenured Lieutenant in State Police, in violation of Conn. Gen. Stat. §52-226.

   wilfully using influence, and official and/or political authority to prevent Torneo from becoming a tenured Lieutenant in State Police, in violation of Conn. Gen. Stat. §52-226.

(Complaint ¶ ¶81, 85).

Here, Regina Rush-Kittle (Defendant Rush-Kittle) is alleged to have had knowledge of the continued investigations triggered by the anonymous tip/complaint. Complaint at ¶ 81, 85. Defendant Rush-Kittle is entitled to qualified immunity not only because he violated none of Plaintiffs' rights, but also because her actions were objectively reasonable. Because the Plaintiff was a probationary employee, it was Defendant Rush-Kittle's discretion to extend the Plaintiff's working test period. Further, in light of the anonymous tip about Plaintiff's alleged drunk driving incident and upon receiving complaints about sexual discrimination while under the Plaintiff's leadership, Defendant Rush-Kittle acted reasonably.

27

### d.      Captain David Rosado (Count Four)

Plaintiff alleges that Defendant Rosado violated Plaintiff's due process rights in violation of the Fourteenth Amendment by:

1. reopening and initiating an internal affairs investigation of a year old incident based upon anonymous complaints, and improper influence and pressure exerted upon (sic) her in violation of Conn. Gen. Stat. §52-226, and State Police policies pertaining to internal affairs complaints;

2. Willfully, obstructing and/or defeating Torneo's right to be a Lieutenant in the State Police, in violation of Conn. Gen. Stat. §52-226

3. Willfully and/or corruptly relying upon secret information provided to injure Torneo's right to be a tenured Lieutenant in State Police, in violation of Conn. Gen. Stat. §52-226.

4. Willfully using influence, and official and/or political authority to prevent Torneo from becoming a tenured Lieutenant in State Police, in violation of Conn. Gen. Stat. §52-226.

(Complaint ¶¶88, 92).

Here, David Rosado (Defendant Rosado) is alleged to have had knowledge of the continued investigations triggered by the anonymous tip/complaint. Complaint at ¶ 77-78. Defendant Rosado is entitled to qualified immunity not only because he violated none of Plaintiffs' rights, but also because his actions were objectively reasonable.  Because there were complaints to Internal Affairs alleging that Plaintiff had been intoxicated while operating a State Police vehicle and that someone at the State Police had covered up the facts, Defendant Rosado appropriately investigated these complaints.  Further, in light of the complaints about Plaintiff's failure to address sexual harassment against female state troopers while commanding Troop F, it was incumbent upon the Defendant to investigate these claims after these concerns were brought to the attention of Internal Affairs. Thus, Defendant Rosado acted reasonably.

**2.      The Defendants Actions Entitle Them To The Protection Of Qualified Immunity**

Given that Plaintiff had no protected property right to be a Lieutenant since he was still within his original one-year working test period when Internal Affairs re-opened its investigation upon receipt of serious complaints of Plaintiff's wrongdoing (including alleged criminal activity), the Defendants did not violate any established law by simply doing their jobs of protecting the public and the Department from potential wrongdoers.

Certainly, Plaintiff had no constitutional right to be free from scrutiny for potential administrative wrongdoing, and/or criminal conduct. Plaintiff's contention is that Internal Affairs, when faced with information that not only conflicts with prior facts, but also could constitute a *serious crime* by a State Police officer, nevertheless must not investigate the matter further is simply illogical.

Furthermore, the lack of criminal prosecution does not mean that there was no misconduct or ethical breach by the Plaintiff state employee. In essence, Plaintiff argues that he is immune from an Internal Affairs investigation or issues a final report, operates as a form or res judicata or immunity from further scrutiny, even where new facts come to light. Yet, Plaintiffs cite no authority for such wild claims.

In fact, the *non-party* Director of Human Resources, as the designee of the Commissioner of Administrative Services, actually extended the Plaintiff's working test period—not the individual Defendants.  Since the Defendants received new information about the Plaintiff's alleged drunk driving incident on April 8, 2013, and received several complaints about sexual harassment at Troop F while Plaintiff was in charge, the Defendants objectively believed that the Lieutenant position was not a good fit for the Plaintiff.  Under these circumstances, it is clear that the individual Defendants are entitled to qualified immunity because an objective view of the

29

facts reveals that no reasonable person could believe any of them exceeded the bounds of their

authority, let alone that they knowingly violated clearly established law.

## V.      CONCLUSION

For all the foregoing reasons, the Defendants respectfully move that this Court grant their

Motion to Dismiss and dismiss the Plaintiff's Complaint in its entirety.

DEFENDANTS,

DORA SCHRIRO, BRIAN MERAVIGLIA, REGINA RUSH-KITTLE, and DAVID ROSADO (In Their Individual Capacities Only)

GEORGE JEPSEN ATTORNEY GENERAL

BY:      /s/ Nancy A. Brouillet
Nancy A. Brouillet
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
Federal Bar No. ct03138
Email:  Nancy.Brouillet@ct.gov

## CERTIFICATION

I hereby certify that on December 4, 2017 a copy of the foregoing was filed

electronically.  Notice of this filing was sent by e-mail to all parties by operation of the Court's

electronic filing system.

/s/ Nancy A. Brouillet
Nancy A. Brouillet (#ct03138)
Assistant Attorney General

30