**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PATRICK TORNEO | : | CIVIL NO.  3:17CV1826 |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| DORA SCHRIRO, BRIAN | : | |
| MERAVIGLIA, REGINA RUSH- | : | |
| KITTLE, and DAVID ROSADO | : | |
| *Defendants* | : | January 9, 2018 |

**MEMORANDUM IN SUPPORT OF MOTION TO CITE ADDITIONAL**
**PARTIES AND TO AMEND PLAINTIFF'S COMPLAINT**

**I.      PRELIMINARY STATEMENT**

The plaintiff, Patrick Torneo, commenced an action pursuant to 42 U.S.C. § 1983 against

the above-entitled individuals in their individual capacity following his demotion from

Lieutenant to Master Sergeant in the Connecticut Department of Emergency Services and Public

Protection, Division of State Police on October 2, 2014.  The plaintiff claims that these

defendants improperly demoted him during his working test period for invalid and improper

reasons, in violation of his federal due process rights, and improperly extended his working test

period for invalid and improper reasons, thereby depriving him of his federally protected

property interest and right to have the determination of his demotion be adjudicated by a "for

cause" standard under his collective bargaining agreement.

This case was initially filed in the State of Connecticut Superior Court for the Judicial

District of Middlesex County in October 2017.  The defendants removed the case to federal court

on November 1, 2017 and then filed a Motion to Dismiss on December 4, 2017.  In their Motion

to Dismiss, the defendants' claim, *inter alia*, that the plaintiff failed to state a claim for injunctive

and equitable relief because the defendants have only been sued in their individual capacities.

The plaintiff now moves, pursuant to Rules 20(a)(2) and 15(a) of the Federal Rules of Civil Procedure, to cite in additional parties, to wit, Commissioner Dora Schriro, Colonel Brian Meraviglia, and Major Regina Rush-Kittle in their official capacities, and to add allegations under 42 U.S.C. § 1983 regarding the plaintiff's claims for injunctive and equitable relief as to these defendants in their official capacities.

The Amended Complaint is timely and relates back to the original complaint pursuant to Fed. Rule Civ. Proc. 15.  Given the permissive standard of Rule 15 and the strong preference for resolving disputes on the merits, the plaintiff respectively requests that the Court grant him leave to amend the complaint.

If the Court grants the plaintiff leave to amend his complaint, he will serve the Amended Complaint upon the new defendants.  A copy of the Proposed Amended Complaint is attached as Exhibit 1 to the Motion to Cite In and Amend the Complaint.

## II.    FACTUAL BACKGROUND

Patrick Torneo was hired in 2001 by the Connecticut Department of Emergency Services and Public Protection ("DESPP").   Throughout his career, he received numerous decorations and extremely positive performance reviews.  (Complaint ¶3).

At the time of Patrick Torneo's demotion, defendant Dora Schriro was the Commissioner of DESPP.  (Complaint ¶4).  Defendant Brian Meraviglia was the Deputy Commissioner of DESPP and the Commanding Officer of the Division of the  State Police ("CSP").  (Complaint ¶5).  Defendant Regina Rush-Kittle was the Commander of the CSP Office of Professional Standards and Training.  This included supervision over the CSP Internal Affairs Unit. (Complaint ¶6). Defendant David Rosado was a Captain in charge of the Internal Affairs Unit. (Complaint ¶7).

2

Prior to his promotion to Lieutenant on September 6, 2013, Patrick Torneo was a Master Sergeant in CSP.  (Complaint ¶19, 31)

**A.  Shooting Incident and Aftermath**

On April 8, there was a police pursuit of two robbery suspects in Old Saybrook.  A CSP Police Detective, Scott Wisner, was involved in the pursuit.  His vehicle was struck by the robbery suspects' vehicle and both vehicles careened down the side of the road into a steep embankment.  Wisner was trapped in his vehicle.  The robbery suspects opened fire and Wisner was hit.  (Complaint ¶20 - 22).

Patrick Torneo arrived during the gunfire exchange, went down the embankment, placed himself in the line of fire, and pulled Detective Wisner to safety.  (Complaint ¶23-24).  That evening, Patrick Torneo and several other officers went to Wisner's home after he was released from the hospital.  (Complaint ¶25).

The following morning, April 9, 2013, officers in the Middletown Police Department found Torneo on the side of the road in his vehicle and took him to the Middletown Police Department.  No charges were lodged and the incident was treated as a medical issue.  The incident was reported to Patrick Torneo's immediate supervisor as well as his entire chain of command.  Subsequently, Patrick Torneo was diagnosed and treated for post-traumatic stress disorder as a result of his involvement in the police shooting.  CSP took no disciplinary action against Patrick Torneo and did not initiate an Internal Affairs investigation.  (Complaint ¶ 26-30).

Four months later, on September 6, 2013, Patrick Torneo was promoted to Lieutenant.  His working test period was set to expire on September 6, 2014.  (Complaint ¶ 31).

Three months after his promotion, Patrick Torneo was awarded the "Medal for Bravery" for his heroic rescue of Detective Wisner. (Complaint ¶32).

**B.    Interference With Patrick Torneo's Working Test Period**

After Patrick Torneo's promotion, he assumed command of CSP Troop F.  Prior to that, there had been complaints from some of the female State Troopers about discriminatory treatment by some of the male troopers.  Patrick Torneo was not accused. (Complaint ¶ 39). Nevertheless, in early 2014, two anonymous complaints were made about CSP covering up the fact that Patrick Torneo had driven drunk on the morning of April 9, 2013. (Complaint ¶ 36-39).

Andy Matthews was the President of the CSP Troopers Union.  Matthews had a history of aggressively intervening in personnel matters on behalf of union members.  He would bypass regular channels and go directly to Commissioner Schriro, and had succeeded in pressuring her to transfer ranking officers who had taken unpopular positions with the Union.  Matthews went directly to Commissioner Schriro and demanded that Torneo be removed from Troop F.  Patrick Torneo was transferred from Troop F to CSP Headquarters on May 6.   (Complaint ¶ 41-43). Shortly thereafter, anonymous complaints and Matthews' attacks on Torneo led to the re-opening of the internal affairs investigation of the incident involving the Middletown Police that had occurred over one year earlier.  The defendant Major Rush-Kittle initiated the re-opening of the investigation.  (Complaint ¶ 44).

Although the two anonymous complaints accused higher level command of covering up for Torneo, the investigation was redirected and focused only on Patrick Torneo and his immediate supervisor at the time.  Torneo and his supervisor were scapegoated in order to avoid impugning higher level command and subjecting them to criticism for their decision to treat the incident as a medical issue.  (Complaint ¶ 47-48).

Defendant David Rosado supervised the investigation.  At numerous times he expressed that there was insufficient evidence to sustain the charges against Torneo.  Nevertheless, the charges against Torneo were ultimately sustained leading to discipline (5 day suspension) and his demotion.  (Complaint ¶ 49, 55).

### C.    Requested relief

In his Original Complaint, the plaintiff requests, in addition to damages for economic losses and emotional distress among other things, injunctive relief including the following:

(1)    Reinstating Patrick Torneo to his position as a Lieutenant in the Connecticut State Police, or in the alternative, compensation for his future loss of income;

(2)    Reinstating Patrick Torneo's full pension and seniority benefits as a Lieutenant retroactive to the date of his demotion;

(3)    Enjoining the defendant from retaliating against Patrick Torneo or any other individual who has participated or otherwise cooperated in the prosecution and litigation of this case.

### D.    Procedural history

This case was initially filed in the State of Connecticut Superior Court for the Judicial District of Middlesex County in October 2017 against the above captioned defendants in their individual capacities.  The defendants removed the case to federal court on November 1, 2017. On December 4, 2017, the defendants filed a Motion to Dismiss claiming, *inter alia*, that the plaintiff failed to state a claim for injunctive and equitable relief because the defendants have only been sued in their individual capacities.

The plaintiff now moves, pursuant to Rules 20(a)(2) and 15(a) of the Federal Rules of Civil Procedure, to cite in Commissioner Dora Schriro, Colonel Brian Meraviglia, and Major

Regina Rush-Kittle in their official capacities, and to add allegations under 42 U.S.C. § 1983 regarding the plaintiff's claims for injunctive and equitable relief as to these defendants in their official capacities.

## III.     DISCUSSION

### A.     Rule 20, Joinder

Rule 20(a)(2) of the Federal Rules of Civil Procedure permits joinder of any defendant if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

The proposed joinder of Commissioner Dora Schriro, Colonel Brian Meraviglia, and Major Regina Rush-Kittle in their official capacities satisfies both prongs of this rule. The factual allegations in the Amended Complaint are nearly the same and the claims arise out of the same occurrences or series of occurrences alleged in the initial complaint. There are several common factual questions common to all defendants will arise in the action. These individuals have already be made defendants in their individual capacities, the addition is to cite them in in the official capacities as well.

Plaintiff's proposed amendments to the compliant will not be prejudicial to the defendants. Discovery has not yet commenced in this matter. The joinder of Commissioner Dora Schriro, Colonel Brian Meraviglia and Major Regina Rush-Kittle in their official capacities is based on core allegations of the Original Complaint. The addition of allegations under 42 U.S.C. § 1983 regarding the plaintiff's claims for injunctive and equitable relief as to these defendants in their official capacities are related to the claims in the Original Complaint and,

given that the plaintiff had sought equitable and injunctive relief in the original complaint, there

is no element of surprise.

### B.      Rule 15(a)

Rule 15(a) of Federal Rules of Civil Procedure provides that leave to amend a pleading

should be "freely given when justice so requires."  Leave to file an amended complaint "should

not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the

non-movant, or futility."  *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104 (2d Cir. 2001);

*MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir.1998) (per curiam

)(district courts should not deny leave unless there is a substantial reason to do so, such as

excessive delay or prejudice to the opposing party).  Amendments to a complaint are permissible

even where the basis for the amendment existed at the time of the original complaint, discovery

is complete and a summary judgment motion is filed.  *See Hanlin v. Mitchelson*, 794 F.2d 834

(2d Cir. 1986).

The addition of proposed allegations and citing in Commissioner Dora Schriro, Colonel

Brian Meraviglia and Major Regina Rush-Kittle in their official capacities will not unduly

prejudice the existing defendants or significantly delay this action. *See Foman v. Davis*, 371 U.S.

178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (the court considers such factors as undue delay,

bad faith, dilatory motive, undue prejudice and futility of the amendment, in determining

whether to grant leave to amend).  Furthermore, if the court were to deny the plaintiff leave to

assert these new claims in this action and direct him to file a another action including those

claims, it is possible that the action would be barred by the three-year statute of limitations as

demotion occurred in October 2014. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994)

(applying Connecticut's three year statute of limitations to actions brought pursuant to 42 U.S.C.

§ 1983); *see Young* v. *McGill*, Docket No. 3:09CV1186, 2012 U.S. Dist. LEXIS 66517, at *4-5

(D. Conn. May 11, 2012)(allowing amendment in similar situation to allow relation back to

original complaint).[1]

Accordingly, leave should be granted to amend the complaint and cite in these defendants

in their official capacities.

**C.     Rule 15(c)(1), Relation Back**

Although the plaintiff does not concede that the statute of limitations has run on

plaintiff's § 1983 claim, Rule 15 of the Federal Rules of Civil Procedure permits a plaintiff,

under certain circumstances, to amend his complaint to change or add a defendant after the

statute of limitation has run.  *VKK Corp. v. NFL*, 244 F.3d 114, 128 (2d Cir.2001) (holding that

district court abused its discretion by not permitting amendment to add party as a defendant);s*ee*

*also Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19, 36 F. 1458 (2d

Cir.1997) (the goal of relation-back principles is "to prevent parties against whom claims are

made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a

---

[1] The plaintiff does not concede, however, that the statute of limitations necessarily began to run on October 2, 2014, the date that Patrick Torneo was notified that he was being demoted back to the rank of Master Sergeant. At the time of his demotion, Patrick Torneo believed that his exclusive remedy was through the grievance process under his collective bargaining agreement, and he timely filed a grievance.  Patrick Torneo grieved the suspension and demotion, and the matter went to arbitration. (Complaint ¶ 56 - 58).  On November 16, 2015, the arbitrator issued his decision.   (Complaint ¶ 59). The Arbitrator determined, among other things, that he lacked jurisdiction to rule on the demotion issue because it occurred during the extended working test period, and he had no jurisdiction under the NP-9 collective bargaining agreement.  The arbitrator noted in his decision that if the demotion had not occurred during the working test period, he would have set aside the demotion.    (Complaint ¶ 61).

Prior to the arbitrator's decision that he lacked jurisdiction to rule upon the demotion issue, Torneo had no right to bring a claim for a constitutional due process violation.    It was not until November 16, 2015 that Torneo first became aware that he had a claim under §1983 for violation of his procedural due process rights.  (Complaint ¶ 56-61).  Therefore, the statute of limitations would not run until November 16, 2015.  See plaintiff's Opposition to Motion to Dismiss.

limitations defense") (quoting Fed. R. Civ. P. 15 Advisory Committee Note (1991)) (internal quotation marks omitted); *Doe v. Whelan*, No. 3:08-cv-846 (CSH), 2010 U.S. Dist. LEXIS 130021, 2010 WL 5093102, at *2 (D.Conn. Dec. 8, 2010) (holding relation back proper where new party was "appropriately made a Defendant because he had a role in making the removal decision that [was] being challenged in this case").

Plaintiff's proposed Amended Complaint satisfies 15(c)(1)(C)'s relation back standard.[2] As described below, the first requirement of this section, demanding satisfaction of 15(c)(1)(B) Rule 15(c)(1)(B), that the amendments asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading,  is satisfied. Fed. R. Civ. P. 15(c)(1)(C).  The rule also requires that (1) the new defendant received notice of the action so it will not be prejudiced in defending the claim, (2) that the defendant knew or should have known that they would have been sued but for a mistake over who the proper defendant was, and (3) requires that this take place within the "period provided by Rule 4(m) for serving the summons and complaint". *Id.*  The Amended Complaint likewise meets all three requirements.

---

[2]Under Rule 15(c)(1) of the Federal Rules of Civil Provides, amendments relate back to the original complaint when, in relevant part:

> …
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

1.    **Rule 15(c)(1)(B), the amendments asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original pleading.**

This case was initially brought against the above captioned defendants in their individual capacities.  The defendants filed a Motion to Dismiss claiming, *inter alia*, that the plaintiff failed to state a claim for injunctive and equitable relief because the defendants have only been sued in their individual capacities.  After the Motion to Dismiss alerted the plaintiff to such mistake, the plaintiff now moves, pursuant to Rules 20(a)(2) and 15(a) of the Federal Rules of Civil Procedure, to cite in Commissioner Dora Schriro, Colonel Brian Meraviglia and Major Regina Rush-Kittle in their official capacities, and to add allegations under 42 U.S.C. § 1983 regarding the plaintiff's claims for injunctive and equitable relief as to these defendants in their official capacities.

The allegations of the Original Complaint will remain.  The new allegations relate solely to addition of essentially the same claims against Commissioner Schriro, Colonel Meraviglia and Major Regina Rush-Kittle but in their official capacities as well as their individual capacities. The paragraphs Plaintiff seeks to amend simply provide additional factual information regarding events leading to and surrounding his demotion.  There is no question that these claims against that the plaintiff seeks to add are related to and/or arise from the central claims in the Original Complaint regarding the plaintiff's demotion from Lieutenant to Master Sergeant in the Connecticut Department of Emergency Services and Public Protection, Division of State Police on October 2, 2014.  *See Young* v. *McGill*, Docket No. 3:09CV1186, 2012 U.S. Dist. LEXIS 66517, at *4-5 (D. Conn. May 11, 2012)(allowing amendment and new defendants in Section

1983 case to relate back to original complaint; claims arose from central claims in prior complaint).

Accordingly, the proposed amendments meet Rule 15(c)(1)(B) because the amendments arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.

### 2. The proposed defendants received notice of the action so they will not be prejudiced in defending on the merits.

The proposed amended complaint naming the Commissioner Dora Schriro, Colonel Brian Meraviglia and Major Regina Rush-Kittle in their official capacities satisfies the requirements of Rule 15(c)(1)(C)(i).  There is no question that they had timely notice of this lawsuit, since they were served the lawsuit in their individual capacities. There can be no suggestion that they would be prejudiced in defending on the merits if the amended pleading is allowed.  *See, e.g., Rozbicki v. Max Cycles CT, LLC*, Docket No. 3:14-cv-1422 (RNC), 2017 U.S. Dist. LEXIS 158560, at *4 (D. Conn. Sep. 27, 2017); *Meyers v. Kishimoto,* No. 3:14 - CV - 535 (CSH), 2015 U.S. Dist. LEXIS 85487, at *30-35 (D. Conn. July 1, 2015)(added defendant's official position for the Hartford School District made it likely she learned of the action and knew or should have known she was a proper party to it, therefore the amended pleading appears to relate back to the date of the original complaint).

Even though these defendants were initially sued in their individual capacities, they had notice that the plaintiff was attempting to bring claims against them in the official capacities given the arguments in their Motion to Dismiss.   Identity of interests concept, judicial gloss on Rule 15(c)(1), provides that institution of action serves as constructive notice of action to parties added after expiration of limitations period, when original and added parties are so closely related in business or other activities that it is fair to presume added parties learned of institution

11

of action shortly after it was commenced. *Hernandez Jimenez v. Calero Toledo,* 604 F2d 99, 1169 (1st Cir. 1979); *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538 (2010) (finding Rule 15(c)(1)(C)(i)'s requirement of notice within the time to serve satisfied where party plaintiff sought to add as defendant had, based on service on agent of both parent and subsidiary, "constructive notice of the action and had not shown that any unfair prejudice would result from relation back."). Here, the same defendants were served with the summons and complaint. The only difference is that the Amended Complaint seeks to add claims, based on the same central facts, against Commissioner and Colonel in their official capacities. Therefore, there is no question that they had not only had constructive knowledge, but had actual knowledge of this suit.

### 3.   The proposed new defendants knew or should have known that they would have been sued in their official capacities but for a mistake.

Where an amended pleading changes a party or a party's name, the Rule requires, among other things, that "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c)(1)(C). The United States Supreme Court has held that the question under Rule 15(c)(1)(C)(ii) is not whether the plaintiff knew or should have known the identity of the defendants to be cited in, but whether the proposed defendants knew or should have known that they would have been named as a defendant but for an error. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010). "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id.* Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity. *Id.*

12

The Supreme Court held that, for purposes of Rule (c)(1)(C)(ii) "[a] mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief.' Black's Law Dictionary 1092 (9th ed. 2009)" *Krupski* 560 U.S. at 549. Courts in this circuit have not construed the term "mistake" in Rule 15 narrowly, when analyzing the knowledge mistake element under Rule 15(c)(1)(C)(ii).  *Pinsonneault v. City of Hamden*, Docket No. 3:11-cv-00946 (VLB), 2012 U.S. Dist. LEXIS 118656, at *14-16 (D. Conn. Aug. 22, 2012); *see also Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 469 (2d Cir. 1995) (suggesting that "suing the police department, rather than a department head" is one type of mistake referring to by 15(c)(1)(C)(ii)); *Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000) (describing a broad "misnomer principle" for acceptable mistakes contemplated by 15(c)(1)(C)(ii), including naming a parent vs. a subsidiary, a building rather than its owner).

The "mistake" prerequisite should not be limited to cases of misnomer, but rather should be applied with an eye toward whether "the new party's awareness that failure to join it was error rather than a deliberate strategy." *In re Integrated Resources Real Estate Securities Litigation*, 815 F.Supp. 620, 644 (S.D.N.Y. 1993) (quoting Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc., 801 F.Supp. 1450 (E.D.Pa. 1992))*; see also Koal Indus. Corp. v. Asland, S.A.*, 808 F.Supp. 1143, 1157 (S.D.N.Y. 1992) (stating that "Rule 15(c) is not limited to [literal] mistakes," and that it "has been given a much broader reading" than misnomer); *Sounds Express Int'l Ltd. v. American Themes and Tapes Inc*., 101 F.R.D. 694, 697 (S.D.N.Y. 1984) ("the rule clearly covers not only cases where a party has been misnamed or misdescribed, but also cases where there exists 'a possibility that the plaintiff may have made a mistake in selecting the original defendants"); *Rozbicki v. Max Cycles CT, LLC,* Docket No. 3:14-cv-1422 (RNC), 2017 U.S. Dist. LEXIS 158560, at *4 (D. Conn. Sep. 27, 2017).

13

Here, given the allegations requesting equitable and injunctive relief, the plaintiff has alleged sufficient facts to show that Commissioner Dora Schriro, Colonel Brian Meraviglia and Major Regina Rush-Kittle knew or should have known that the action would have been brought against them in the official capacities, but for a mistake.  Fed. R. Civ. P. 15(c)(1)(C)(ii).

Generally, "[t]he Eleventh Amendment bars a damages action in federal court against a state and its officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis*., 804 F.3d 178, 193 (2d Cir. 2015).  However, "[u]nder the well-known exception to this rule first set forth in *Ex parte Young,* 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714 (1908), . . . 'a plaintiff may sue a state official acting in his official capacity — notwithstanding the Eleventh Amendment — for prospective, injunctive relief from violations of federal law.'" *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007); s*ee Green v. Mansour*, 474 U.S. 64, 68, 106 S. Ct. 423, 88 L. Ed. 2d 371 (1985) ("[T]he Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law").

The Supreme Court also has held that the Eleventh Amendment allows § 1983 personal-capacity suits against state officials in federal court for damages.  *Hafer v. Melo*, 502 U.S. 21, 22 (1991)*; see also See Tanvir v. Lynch,* 128 F. Supp. 3d 756, 766 (S.D.N.Y. 2015); *Falcon v. City University of New York*, Docket No. 15-cv-3421 (ADS)(ARL), 2016 U.S. Dist. LEXIS 92396, at *27-28 (E.D.N.Y. July 15, 2016).

Suits against state officials in their official capacity are treated as suits against the State. *Hafer v. Melo,* 502 U.S. 21, 25 (1991). Because the real party in interest in an official-capacity suit is the governmental entity, only granting of prospective injunctive relief to prevent a

continuing violation of federal law is permitted. *Id.*  Personal-capacity suits, on the other hand, seek damages for individual liability upon a government officer for actions taken under color of state law. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Here, the Original Complaint seeks not only damages but reinstatement to the position of Lieutenant.  The Second Circuit Court of Appeals has held that reinstatement is an equitable remedy that may be directed only at liable individuals in their official capacities or at governmental entities themselves. *See Frank v. Relin*, 1 F.3d 1317 (2d Cir.) ("The [district] court apparently viewed the reinstatement claim, *sua sponte*, as one to which Relin's defense of qualified immunity was applicable. However, such equitable relief could be obtained against Relin only in his official, not his individual, capacity "), cert. denied 126 L. Ed. 2d 569, 114 S. Ct. 604 (1993); *see also Rao v. New York City Health & Hospitals Corp.*, 882 F. Sup. 321, 330-31 (S.D.N.Y. 1995).

Given that the plaintiff had requested equitable and injunctive relief of reinstatement, Commissioner Dora Schriro, Colonel Brian Meraviglia and Major Regina Rush-Kittle knew or should have known that the action would have been brought against them in the official capacities, but for a mistake.  Fed. R. Civ. P. 15(c)(1)(C)(ii).  This mistake comports with the category of mistakes which have been found to satisfy Rule 15(c) to allow relation back.  In action under 42 USCS § 1983, where original complaint named city and police officers as defendants, without specifying whether officers were being sued in their individual or official capacities, and amendment of complaint naming officers as defendants in their individual capacities occurred after statute of limitations had run, the amendment related back to time of filing of original complaint. *Brown v. Shaner* 172 F3d 927, (6th Cir. 1999).  In *Brown*, both defendants knew or should have known that but for this omission concerning capacity in which

they were being sued, action would have been brought against them in their individual capacity. *Brown v. Shaner* 172 F3d 927, (6th Cir. 1999); s*ee also Doe v. Whelan*, Docket No. 3:08-cv-846 (CSH), 2010 U.S. Dist. LEXIS 130021, at *1-3 (D. Conn. Dec. 8, 2010)(in action pursuant to 42 U.S.C. § 1983 against a Social Work Supervisor and a Program Supervisor for the State of Connecticut's Department of Children and Families ("DCF"), motion to amend the complaint and to add the Stamford-area Program Director for DCF as a party defendant granted and amended complaint related back to original complaint).

Thus, because the Plaintiff would have sued Commissioner Dora Schriro, Colonel Brian Meraviglia and Major Regina Rush-Kittle in their official capacities but for a harmless mistake, *see Pinsonneault v. City of Hamden,* Docket No. 3:11-cv-00946 (VLB), 2012 U.S. Dist. LEXIS 118656, at *16 (D. Conn. Aug. 22, 2012), and because Plaintiff's amended complaint comports with Fed. R. Civ. P. 15(c), the plaintiff requests that the Court grant leave to amend the complaint to cite in these defendants in their official capacities and find that the Amended Complaint relates back to the date of his Original Complaint.

### 4.    Notice was given to the proposed defendants within the time provided for by Rule 4(m) for serving the summons and complaint.

Rule 15(c)(1)(C) requires that notice of the claims and the mistake be provided to the prospective defendants within the time provided for by Rule 4(m) for serving the summons and complaint.  Rule 4(m) provides that a defendant must be served within ninety days of filing a complaint. Fed. R. Civ. P. 4(m).  In this case, the complaint was filed in Federal Court when it was removed on November 1, 2017.  Ninety days from November 1, is January 30, 2018. Therefore, because the defendants have received at a minimum constructive notice of proposed

amended complaint as of today's date, if not earlier, (see Footnote 1) and because the plaintiff has sufficient time to file and serve the Amended Complaint before January 30, 2018.[3]

The United States Supreme Court has rejected the suggestion that "Rule 15(c) requires a plaintiff to move to amend her complaint or to file and serve an amended complaint within the Rule 4(m) period." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 554 n.5 (2010). Instead, the court held that "Rule 15(c)(1)(C)(i) simply requires that the prospective defendant has received sufficient notice of the action within the Rule 4(m) period that he will not be prejudiced in defending the case on the merits." *Id. citing* The Advisory Committee Notes to the 1966 Amendment clarify that "the notice need not be formal." Advisory Committee's 1966 Notes 122. Accordingly, the Rule 15(c)(1)(C)(i) is met.

## III.    Conclusion

Wherefore, for the reasons stated herein, the plaintiff's Motion to add additional parties and to amend his complaint should be granted.

THE PLAINTIFF,
PATRICK TORNEO

By:    */s/ Mary-Kate Smith*____
Lewis H. Chimes (ct07023)
Mary-Kate Smith (ct26820)
Law Office of Lewis Chimes LLC
45 Franklin Street
Stamford, CT 06901
203-324-7744 Fax: 203-969-1319
Email:  msmith@chimeslaw.com

---

[3] Although the rule is unclear as to cases that have been removed to Federal Court, even if 90 days begins to run as of the date the Complaint was filed in State Court, this motion is being filed within 90 days thereof. Therefore, the timing of Rule 4(m) is met either way. The complaint was filed in state court on October 11, 2017. Ninety days from October 11, 2017 is January 9, 2018.

## <u>CERTIFICATION</u>

I hereby certify that on January 9, 2018 a copy of the foregoing was filed electronically.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Nancy A. Brouillet
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Email:  Nancy.Brouillet@ct.gov

*/s/ Mary-Kate Smith (ct26820)*
Mary-Kate Smith