IN THE
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PATRICK TORNEO** | : | CIVIL ACTION NO. 3:17-cv-01826-DJS |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **DORA SCHRIRO** and | : | |
| **BRIAN MERAVIGLIA** | : | |
| *Defendants* | : | NOVEMBER 29, 2018 |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

I. THE ELEVENTH AMENDMENT DEFENSE TO THE AMENDED COMPLAINT AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES WAS NOT PREVIOUSLY DECIDED, AND THE ELEVENTH AMENDMENT CLEARLY BARS PLAINTIFF'S DAMAGES CLAIMS.

The discussion at the hearing relied on by plaintiff concerning suit against State officials in their official capacities arose in the context of plaintiff's original complaint against defendants in their individual capacities only. So the remarks of the Court and counsel did not even rise to the level of *dicta* or binding admission because the Eleventh Amendment defense to official capacity suit was not before them. It was only speculation dependent upon the filing of an amended complaint against defendants in their official capacities. This is consistent with counsel's acknowledging the issue arising on a subsequent amended complaint and the Court's reference to plaintiff's filing an amended complaint against defendants in their official capacities. Moreover, the law of the case principle is not absolute and inflexible, especially as applied in this case where the issue was not even before the Court by the original complaint, was not the

subject of a written opinion and only occurred during a colloquy at a hearing on a motion to dismiss.

More importantly, the Eleventh Amendment defense to the amended complaint in defendants' official capacity remains entirely valid, as plaintiff himself acknowledges, as to plaintiff's damages claims. The amended complaint expressly seeks money damages for economic losses, including lost benefits, emotional harm, attorney's fees and costs, pre-judgment and post-judgment interest on his economic losses and punitive damages. Accordingly, the Eleventh Amendment bars plaintiff's claims for money damages in their entirety against defendants in their official capacities. As to plaintiff's claim injunctive relief is not barred by the Eleventh Amendment, that is only consistent with the colloquy between the Court and counsel at the hearing he relied on, limited to injunctive relief, and does not affect the bar to money damages. The motion to dismiss the amended complaint should be granted on Eleventh Amendment grounds as to plaintiff's claims for money damages against the defendants in their official capacities.

II. THE ARBITRATION AWARD BARS PLAINTIFF'S CLAIM ON THE BASIS OF COLLATERAL ESTOPPEL AS TO THE ISSUE OF EXTENSION OF HIS WORKING TEST PERIOD.

It is dispositive, as stated in defendants' initial brief in support of the motion to dismiss, pp. 8-9, that the party had an adequate opportunity to litigate the issue in the prior State proceedings, for collateral estoppel to apply. Here, also stated in defendants' prior brief, plaintiff clearly had an adequate opportunity to litigate his claim of improper extension of his working test period in connection with the arbitration

award's holding lack of jurisdiction over the demotion issue as occurring during the working test period. So it was not required that the issue be actually litigated in the arbitration proceedings. Nor was it required specifically that plaintiff had an adequate opportunity to litigate his federal due process claim as such in the arbitration proceedings, as long as he had an adequate opportunity to litigate the issue on which his due process claim depended, here alleged improper extension of his working test period, in those proceedings.

Plaintiff cites the Crochiere and Prestopnik cases as to issues actually litigated in prior proceedings rather than issues that could have been litigated. Moreover, Crochiere v. Board of Education of the Town of Enfield, 227 Conn. 333, 344-45 (1993), did not involve an identity of claims between the termination and workers' compensation proceedings but only required an identity of issues as to plaintiff's misconduct. While Prestopnik v. Whelan, 249 Fed. Appx. 210, 212 (2d Cir. 2007), also noted equal protection claims could not have been brought in the prior State proceedings, that did not require an identity of claims for purposes of collateral estoppel where the identity of issues that could have been litigated did not have to be reached. Wanamaker v. Town of Westport Board of Education, 11 F.Supp.3d 51, 66-67 (D.Conn. 2014), also cited by plaintiff, acknowledged the application of collateral estoppel to issue preclusion and only held in a teacher termination hearing issues of employment discrimination claims could not be litigated.

Plaintiff does not address defendants' reliance on University of Tennessee v. Elliott, 478 U.S. 788, 799, 106 S.Ct. 3220, 3226 (1986), for the principle that, as to

3

federal constitutional claims in federal court, State agency proceedings had preclusive effect on an issue where there was an adequate opportunity to litigate it in those proceedings. Moreover, plaintiff does not address the dispositive collateral estoppel effect of his opportunity to litigate the issue of alleged improper extension of his working test period in the arbitration proceedings here, determinative of his due process claim, regardless of whether the due process claim itself was actually litigated or could have been litigated in the arbitration proceedings.

Plaintiff's reliance on State law, Conn. Gen. Stat. § 31-51bb, is rebutted by the controlling effect of federal law as to issue preclusion by collateral estoppel of federal constitutional claims in federal court, pursuant to <u>Elliott</u>. <u>Genovese</u>, cited by plaintiff, concerned State law claims for purposes of § 31-51bb, as does <u>Nicholas</u>, also cited by plaintiff. Moreover, the U.S. Supreme Court cases cited in <u>Genovese</u> all preceded <u>Elliott</u>.

Accordingly, plaintiff's federal due process claim is precluded by collateral estoppel insofar as he had the opportunity to litigate the issue of alleged improper extension of his working test period in the arbitration proceedings.

III. <u>QUALIFIED IMMUNITY WAS NOT PREVIOUSLY DECIDED, AND DEFENDANTS DID NOT VIOLATE CLEARLY ESTABLISHED FEDERAL CONSTITUTIONAL RIGHTS</u>.

The Court's statements at the hearing on the motion to dismiss cited by plaintiff do not establish the Court's ruling denying defendants' claim of qualified immunity. At most they establish the Court anticipated an amended complaint limited to two defendants and alleging improper extension of the working test period. But even a

subsequent amended complaint would be subject to the raising of a qualified immunity defense, which would be based on the internal affairs investigation, as stated by defendants' counsel at the hearing on the motion to dismiss, and the arbitration award holding the demotion occurring during the working test period.

As stated in defendants' initial brief in support of motion to dismiss, defendants did not violate plaintiff's clearly establish constitutional rights and are entitled to qualified immunity. An arbitration award held no jurisdiction over the demotion issue occurring during the working test period, where plaintiff could have litigated the issue of improper extension of his working test period. And the internal affairs investigation during his working test period constituted ground for extension of that period to allow further evaluation.

## **CONCLUSION**

For the foregoing reasons, the above-entitled action should be dismissed.

DEFENDANTS

GEORGE JEPSEN
ATTORNEY GENERAL

Philip M. Schulz
Assistant Attorney General


BY:  /s/ Richard T. Sponzo
　　　Richard T. Sponzo
　　　Assistant Attorney General
　　　Federal Bar No. ct08563
　　　55 Elm Street, 5th Floor
　　　P.O. Box 120
　　　Hartford, CT 06141-0120
　　　Tel: (860) 808-5050
　　　Fax: (860) 808-5388
　　　e-mail: richard.sponzo@ct.gov

**<u>CERTIFICATION</u>**

This is to certify that on November 29, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Richard T. Sponzo_____
Richard T. Sponzo
Assistant Attorney General
